IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-245-RPM-BNB

TYNIA JOHNSON, a resident of Boulder County, Colorado, and
PATRICIA SAINT CYR, a resident of Orleans Parrish, Louisiana,

    Plaintiffs,

v.

BOULDER COUNTY, a Political Division of the State of Colorado, by and through its BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOULDER, COLORADO,
PAUL DANISH,
RONALD K. STEWART, and
TOM MAYER,

    Defendants.

## AMENDED STIPULATION AND PROTECTIVE ORDER

The Parties and their Counsel stipulate and move the Court for a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Client Information, and, as grounds, state as follows:

1.    Counsel for the Parties agree to a protective order regarding Plaintiffs' Confidential Client Information and request the Court enter the attached Protective Order.

2.    As used in this Protective Order, "Confidential Client Information" means information in any document designated by Plaintiffs as containing confidential information about any client of Hallman House Kennel, including, but not limited to, client credit card

numbers, bank account numbers, and social security numbers.

3. Plaintiffs shall designate documents containing Confidential Client Information by imprinting the word "Confidential" on each document produced in a manner that will not interfere with their legibility.

4. All Confidential Client Information provided by Plaintiffs shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or any other purpose;

    b. It shall not be communicated or disclosed without consent of Plaintiffs' counsel or further Order of the Court, either directly or indirectly, to anyone, except such information may be disclosed to:

(1) attorneys actively working on this case;

(2) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by the attorneys in preparing this case, at trial, or at other proceedings in this case;

(3) the parties;

(4) expert witnesses and consultants retained in connection with this litigation, to the extent disclosure is necessary for preparation, trial, or other proceedings in this case;

(5) the Court and its employees;

(6) stenographic reporters engaged in proceedings incident to this case;

      (7) deponents, witnesses, or potential witnesses.

5. Individuals authorized to review Confidential Client Information under this Protective Order shall hold Confidential Client Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

7. If Defendants object to the designation of information as Confidential Client Information, they shall promptly inform Plaintiffs' counsel in writing of the grounds for the objection. The Parties then in good faith and on an informal basis shall attempt to resolve the dispute. If the Parties are unable to resolve their dispute, Defendants may move for a disclosure order. The information that is the subject of the dispute shall continue to have Confidential Client Information status until a ruling by the Court on the motion finding otherwise.

8. Prior to filing any Confidential Client Information with the Court in connection with any proceeding or motion, the Confidential Client Information shall be redacted from the document being filed. Alternatively, Counsel may agree on another method of preserving confidentiality that is acceptable to the Parties.

9. The termination of this action shall not relieve obligated persons from their responsibility to maintain the confidentiality of Confidential Client Information, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

10. Upon termination of this litigation, including any appeals, Defendants' counsel shall return to Plaintiffs' counsel all Confidential Client Information, including all copies.

11. This Protective Order shall not preclude any party from seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

12. Pursuant to D.C.COLO.LCivR 7.2:

   a. Upon motion and a showing of compelling reasons, a judicial officer may order that:

      1) all or a portion of papers and documents filed in a case shall be sealed; or

      2) all or a portion of court proceedings shall be closed to the public.

   b. A motion to seal or close court proceedings will be placed in the case file and open to public inspection.

   c. A proposed filing of papers or documents will be submitted under seal until the motion to seal is decided by a judicial officer.

   d. On the business day after the filing of a motion to seal or motion to close court proceedings, a public notice will be posted in the clerk's office and on the court's web site. The public notice will advise of such motion and state that any person or entity may file objections to the motion on or before the date set forth in such public notice. The date will be not less than three business days after the public notice is posted.

    e.    No order to seal or close court proceedings will be entered before the date set forth in the public notice for filing objections, except in emergency circumstances shown or referred to in the motion.

13.    Pursuant to D.C.COLO.LCivR 7.3:

    a.    The following papers or documents must be placed unfolded in a sealed envelope with a copy of a cover page (see b. below) affixed to the outside of the envelope:

        1)    papers or documents sealed by the court;

        2)    proposed filings of papers or documents submitted under seal with a motion requesting that the documents be sealed; and

        3)    documents required to be sealed by law.

    b.    The cover page affixed to the outside of the sealed envelope must include:

        1)    the case caption;

        2)    the title of the paper or document;

        3)    the name, address, and telephone number of the attorney or *pro se* party filing the paper or document;

        4)    a notation that the paper or document is filed under seal;

        5)    the title and date of the court order pursuant to which the paper or document is sealed, if applicable; or

        6)    the citation of the statute or other authority pursuant to which the paper or document is sealed, if applicable.

    c.    Copies of the papers or documents in sealed envelopes shall be filed in accordance with D.C.COLO.LCivR 10.1L.

DATED this 6th day of September, 2005.

BY THE COURT:

_____
US District Court Judge

**STIPULATED AND AGREED TO:**

s/ John W. McKendree

---

John W. McKendree, #1209
LAW OFFICES OF JOHN W.
McKENDREE, LLC
1244 Grant Street
Denver CO 80203
Telephone: (303) 861-8906
FAX: (303) 861-7773
E-mail: jwm@mckendreelaw.com
DC BOX 23
Attorney for Plaintiffs

s/ David Hughes

---

David Hughes, #24425
Deputy County Attorney
PO Box 471
Boulder, CO 80306
(303) 441-3190
Attorney for Defendants