IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-M-0245 (BNB)

TYNIA JOHNSON, a resident of Boulder County, Colorado, and
PATRICIA SAINT CYR, a resident of Orleans Parrish, Louisiana,

      Plaintiffs,

v.

BOULDER COUNTY, a Political Division of the State of Colorado, by and through its BOARD
OF COUNTY COMMISSIONERS OF THE COUNTY OF BOULDER, COLORADO,
PAUL DANISH,
RONALD K. STEWART, and
TOM MAYER,

      Defendants.

---

## PLAINTIFFS' VERIFIED RESPONSES TO THE FIRST COMBINED DISCOVERY REQUEST

---

Plaintiffs, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 33, 34, and 36,

submit their Verified Responses to the First Combined Discovery Request as follows:

### REQUEST FOR PRODUCTION OF DOCUMENTS

**In the interests of judicial economy and in an effort to avoid unnecessary duplication and**

**printing costs, Plaintiffs many times will refer to the bate stamp number of the documents**

**they disclosed in their Fed. R. Civ. P. 26(a) Initial Disclosures which is being provided to**

**Defendants on CD concurrent with these responses and answers to Defendants' First**

**Combined Discovery Request**

1)    Produce all documents that you have exchanged with or received from FEMA and/or the Colorado Water Conservation Board related to the Property, including documents related to the proper methodology for calculating a floodway.

RESPONSE: Bate Stamp numbers: 834, 835, 837, 1253, 1254, 1281-1314.  Attached are two new maps not previously disclosed which are responsive to this Request for Production.

2)    Produce all documents related to any consultations, conversations or contacts you have had with any water engineer or similar expert related to the location of the floodplain, floodway, or special flood hazard area on the Property.

RESPONSE: Bate Stamp numbers: 34-36, 831-837, 1269-1279; Defendants' Bate Stamp numbers: BCTRANS 2111-2120.

3)    Produce all documents related to your financial condition, including the financial condition of your businesses, between 1999 and 2004, including, but not limited to, all income tax returns, accounting books, ledgers, bank statements, mortgage balances, debts, and income sources.

RESPONSE: Plaintiff Johsnon is providing this information on a CD which contains Plaintiff Johnson's tax returns for 1999, 2000, 2002, 2003, and 2004.  Plaintiff Johnson has executed IRS form 4056 authorizing Defendants to obtain a transcript copy of her Federal income tax for 2001 and a Colorado Department of Revenue form DR 5714 for her 2001 Colorado State income tax, both of which are appended hereto.  Plaintiffs state they do not have any accounting books or ledgers.  With respect to mortgage information, there is one box of mortgage related documents available for inspection, copying, and review available at the Law Offices of John W. McKendree, LLC, 1244 Grant Street, Denver CO 80203, (303) 861-8906, during normal business hours.  A scanned copy of Plaintiff Johnson's bank

statements are also contained on the CD.  Lastly, Bate Stamp numbers 623-683 are responsive to this Request for Production.

Plaintiff Johnson states that she also has additional bank statements which she has temporarily misplaced and is actively searching for them.  Plaintiff Johnson will immediately provide the missing bank statements as soon as she has located them.

Plaintiff St. Cyr was in the process of gathering together her tax returns for the years requested when she was forced to evacuate her home because of Hurricane Katrina.  Once Plaintiff St. Cyr is able to attend to this matter, her tax information will be provided to Defendants upon receipt by Plaintiffs' counsel.

4)    Produce all documents that you exchanged with or received from First American Title Insurance Company, including, but not limited to, title insurance policies or claims against First American Title Insurance Company.

**RESPONSE: Bate Stamp numbers 1-33.**

5)    Produce all notes of conversations that you had with Boulder County staff, including, but not limited to David Webster, related to the Property.

**RESPONSE: Bate Stamp number 960.  Additionally, attached are three letters from Boulder County containing Plaintiff Johnson's hand written notations which are responsive to this Request for Production.**

6)    Produce all documents related to your licensure (PACF) and operation of a kennel and/or dog grooming business on the Property, including invoices, agreements with pet owners, account ledgers, and records indicating the names and/or number of animals boarded on the Property.

3

RESPONSE: Plaintiffs have three large boxes full of documents responsive to this Request for Production. After the Court enters a Protective Order to protect the business and privacy interests of third-parties, the documents, materials, and records will be available for copying, inspection, and review at the Law Offices of John W. McKendree, LLC, 1244 Grant Street, Denver CO 80203, (303) 861-8906, during normal business hours.

Additionally, Bate Stamp numbers 1480-1487; Defendants' Bate Stamp numbers DEPT AG 3000-3016.

7)    Produce all appraisals of the Property.

RESPONSE: Bate Stamp numbers 1368-1402.

8)    Produce all files kept by Ed Byrne related to you or the Property.

RESPONSE: Non-privileged documents responsive to this Request for Production are available for inspection and copying at attorney Ed Byrne's law firm, 2338 Broadway Street, Suite 300, Boulder CO 80304, (303) 447-2555, please call him for an appointment.

9)    Produce all documents related to any mortgage on the Property, including, but not limited to, any application for the mortgage, any floodplain determination made by the mortgage company, any correspondence related to the Property and/or mortgage, and any documents related to the foreclosure of the mortgage.

RESPONSE: Documents responsive to this Request for Production are available for review, copying, and inspection at the Law Offices of John W. McKendree, LLC, 1244 Grant Street, Denver CO 80203, (303) 861-8906, during normal business hours.

Additionally, Bate Stamp numbers 718-755.

10)　Produce all bills, invoices, check stubs, and/or other documents related to your efforts to resolve or mitigate the floodway issues on the Property, including the "thousands of dollars" referenced in paragraph 42 of the Amended Complaint.

**RESPONSE: Bate Stamp numbers 125, 126, 205-207, 238-242, 686, 687, 710, and 899-913, 940-941.**

## INTERROGATORIES

1)　Identify where you believe the proper location of the floodway, if any, is on the Property and how you determined that location.

**RESPONSE: It is Plaintiffs' contention there is no floodway.**

2)　Identify all individuals you spoke to or corresponded with at First American Title Insurance company in relation to the Property.

**RESPONSE: Plaintiff Johnson spoke to a few people at First American Title Insurance, but she cannot recall the names of the people she talked with or the dates of their conversations.**

3)　Identify the "other agents of Defendant County" referred to in paragraph 56 of the Amended Complaint.

**RESPONSE: To the best of Plaintiffs' recollection, the "other agents" include Greg Oxenfeld, Ed Meachum, and Patricia Mayne.**

4)　Identify all "agents of Defendant County" who allegedly "entered Plaintiffs' property for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws." Please include all dates upon which these entries took place.

**RESPONSE: Plaintiffs are unable to identify "all" the agents of Boulder County who may have entered on their property and have no present knowledge of all the dates on which**

these entries took place. Plaintiffs are able to identify Greg Oxenfeld, Ed Meachum, and Gerald George. The date they are aware of include, Mr. George on September 24, 2001.

5) Identify, by permit number, address, or otherwise, the 33 permits referred to in paragraph 36 of the Amended Complaint, including the race of each of the permit holders.

RESPONSE: **Plaintiffs incorporate herein by reference, Deposition Exhibit 13, a two page document, Bate Stamped 963 and 964, which contains the permit numbers and addresses. Plaintiffs state that they have no way of being certain of the race and/or national origin of each of the permit holders, but to the best of their recollection and knowledge, they are as follows: 12642 Flagg Drive - unknown; 12635 Flagg Drive - Caucasian; 12632 Flagg Drive - unknown; 12619 Flagg Drive - Caucasian; 12612 Flagg Drive - unknown; 12584 Flagg Drive - unknown; 12581 Flagg Drive - Caucasian; 12549 Flagg Drive - Caucasian; 12515 Flagg Drive - Caucasian; 12487 Flagg Drive - Caucasian; 12473 Flagg Drive - Caucasian; 12416 Flagg Drive - Caucasian; and 12400 Flagg Drive - Caucasian.**

6) Identify all potential buyers of the Property who became uninterested in the Property upon learning that the property was classified as being in a floodway, as referenced in paragraph 45 of the Amended Complaint.

RESPONSE: **Plaintiffs only know that the property was shown to potential buyers. Plaintiffs do not know the names of any of the potential buyers and further more never even had the names of people who looked at the property.**

7) Describe all contacts, including written, verbal, or by phone, that Patricia Saint Cyr had with Boulder County or its staff between 1999 and 2004.

RESPONSE: **None.**

8)    Identify all alleged unconstitutional County policies or customs that form the basis for the Amended Complaint. Include the facts that allegedly demonstrate the existence of such policies or customs.

RESPONSE: Plaintiffs object to this Interrogatory on the grounds of competency as Plaintiffs are not attorneys and this Interrogatory seeks a legal conclusion or analysis. Without waiving this objection and subject to the same, Plaintiffs state as follows:

Plaintiffs incorporate herein by reference all the allegations contained in their Amended Verified Complaint and Jury Demand.

Plaintiffs have not seen nor are they privy to the internal policies or customs promulgated by Boulder County. It is Plaintiffs' belief that Defendants knew they had no legitimate right to engage in the pattern of discriminatory behavior complained of. It is Plaintiffs' belief that Boulder County condones this wanton disregard for the rights of minorities and therefore, it is an unwritten policy or custom, and/or lack of sufficient training, and/or lack of sufficient supervision which allows employees of Boulder County to wantonly violate the civil and Constitutional rights of its residents.

9)    Identify all individuals who you spoke to or corresponded with in relation to the mortgage on your property and/or the foreclosure of the Property.

RESPONSE: Plaintiffs incorporate herein by reference the individuals identified in their Fed. R. Civ. P. 26(a) Disclosures.

Plaintiff Johnson also states she spoke with various members of her Church; Mr. Willie Holt at First Tier Mortgage; Gary at Key Bank; and many unidentified people and employees at various state and county organizations designed to assist people in financial binds.

Plaintiffs incorporate herein by reference the box of mortgage related information which may contain information responsive to this Interrogatory. Those documents are available for inspection, copying, and review at the Law Offices of John W. McKendree, LLC, 1244 Grant Street, Denver CO 80203, (303) 861-8906, during normal business hours.

10)    Identify the location, including the address, of all kennels and dog grooming businesses you owned or operated.

RESPONSE: 6301 Arapahoe, Boulder CO 80303 - grooming shop; 12416 Flagg Drive, Lafayette CO 80026 - kennel.

## REQUESTS FOR ADMISSION

1)    Admit that you operated a kennel on the Property before obtaining County approval for such a use.

RESPONSE: Deny. When Plaintiffs first bought the property, it was a by right use, no approval was needed..

2)    Admit that, under the County Regulations in place at the time you purchased the Property, a kennel with outdoor holding facilities was not permitted on the Property.

RESPONSE: Deny. According to kennel regulations, it was by right.

3)    Admit that you never applied to FEMA for a Letter of Map Amendment on the Property.

RESPONSE: Deny. Plaintiff Johnson compiled a packet of documents and sent it to FEMA. It was after to talking to FEMA that Plaintiffs learned a Letter of Amendment

8

would not have accomplished anything. There was no floodway on FEMA's map. Plaintiffs learned from FEMA that they could not amend the floodway that Dave Webster did not inform them about. The packet of information was sent however, with all the required documentation filled out and attached. Plaintiff Johnson also spent approximately $1200 in survey fees as a part of this process.

4)      Admit that you never appealed any decision related to the Property to the Boulder County Board of Adjustment.

**RESPONSE: Admit. Because instead of appealing, Ed Byrne and Plaintiffs were negotiating in good faith and discussing compromise solutions and viable alternatives with Mr. Oxenfeld and Mr. Webster. After it became apparent they were not interested in any kind of a compromise solution, the 30 day appeal window was gone. Additionally, Plaintiffs and Ed Byrne were told they would need to completely pay off and close out this review process and start another in order to use the 30 day appeal.**

5)      Admit that you never applied to FEMA for a Conditional Letter of Map Amendment.

**RESPONSE: Deny. Plaintiffs incorporate herein by reference their response to Request for Admission number 3, above.**

6)      Admit that you did not appeal the Board of County Commissioner's decision on SU-01-12, Hallman House Kennel SU/SSDP, to the Boulder District Court.

**RESPONSE: Deny. Plaintiffs believe that they did by initially filing this lawsuit in Boulder County.**

7)      Admit that all Defendants to the Amended Complaint are named in their official capacities.

RESPONSE: Admit.

8)    Admit that portions of the Property are in the 100 year floodplain as delineated on FEMA's Flood Insurance Rate Map.

RESPONSE: Admit.  However, some portions of the property are in the 500 year floodplain, and some portions are not in the floodplain at all.   And on FEMA maps no floodplain higher than 100 year is in a floodway, yet David Webster initially placed the entire property in the floodway.

9)    Admit that portions of the Property are in the 500 year floodplain as delineated on FEMA's Flood Insurance Rate Map.

RESPONSE: Admit.  But also some portions are not in the floodplain at all.   And on FEMA maps no floodplain higher than 100 year is in a floodway, yet David Webster initially placed the entire property in the floodway.

10)    Admit that the Floodplain Overlay District regulations contained in Article 4-400 through 4-409 of the Boulder County Land Use Code (attached as Exhibit A to this discovery request) were duly adopted and in force between 1999 and October 28, 2002.

RESPONSE: Plaintiffs are without sufficient knowledge and without sufficient information regarding the truth or the falsity of Exhibit A and therefore must DENY.

11)    Admit that the Floodplain Overlay District regulations in Article 4-400 through 4-409 of the Boulder County Land Use Code (attached as Exhibit B to this discovery request) were duly adopted and in force between October 29, 2002 and 2005.

RESPONSE: Plaintiffs are without sufficient knowledge and without sufficient information regarding the truth or the falsity of Exhibit B and therefore must DENY.

12)    Admit that the definition of "Floodway" in Article 18-161 of the Boulder County Land Use Code (attached as Exhibit C to this discovery request) was duly adopted and in force between 1999 and October 28, 2002.

**RESPONSE: Plaintiffs are without sufficient knowledge and without sufficient information regarding the truth or the falsity of Exhibit C and therefore must DENY.**

13)    Admit that the definition of "Floodway" in Article 18-161 of the Boulder County Land Use Code (attached as Exhibit D to this discovery request) was duly adopted and in force between October 29, 2002 and 2005.

**RESPONSE: Plaintiffs are without sufficient knowledge and without sufficient information regarding the truth or the falsity of Exhibit D and therefore must DENY.**

14)    Admit the authenticity of Resolution No. 2002-51 (attached as Exhibit E to this discovery request).

**RESPONSE: Plaintiffs are without sufficient knowledge and without sufficient information regarding the truth, falsity, or authenticity of Exhibit E and therefore must DENY.**

15)    Admit that David Webster never made a derogatory comment to you related to your race.

**RESPONSE: Admit.**

16)    Admit that no Boulder County commissioner or Boulder County staff member made a derogatory comment to you related to your race.

**RESPONSE: Admit.**

Respectfully submitted this 29th day of Aug , 2005

LAW OFFICES OF JOHN W. McKENDREE

John W. McKendree, #1209
1244 Grant Street
Denver CO 80203
(303) 861-8906
DC Box 23

12

VERIFICATION

STATE OF COLORADO              )
                               ) ss.
CITY AND COUNTY OF DENVER      )

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing answers are true and correct to the best of my knowledge, information and belief.

_____
Tynia Johnson

Subscribed and sworn to before me this 11th day of __August__, 2005, by Tynia Johnson

Witness my hand and official seal.

_____
Notary Public

My commission expires: __7/1/2006__

13

09/05/2005  20:20    3038617773    JOHN W MCKENDREE LAW    PAGE  02

## VERIFICATION

STATE OF _TEXAS_ )
                   ) ss.
COUNTY OF _HARRIS_ )

I declare under penalty of perjury under the laws of the State of _TEXAS_ that the foregoing answers are true and correct to the best of my knowledge, information and belief.

_Patricia Saint Cyr_
PATRICIA SAINT CYR

Subscribed and sworn to before me this _6th_ day of _September_, 2005, by PATRICIA SAINT CYR

Witness my hand and official seal.

_Valerie Hubbard_
Notary Public

My commission expires: _11/19/06_

VALERIE ELAINE HUBBARD
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
NOV. 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2005, a true and correct copy of the foregoing: **PLAINTIFFS' VERIFIED RESPONSES TO THE FIRST COMBINED DISCOVERY REQUEST** was placed in the United States mail, first class postage prepaid and properly affixed, addressed to the following:

David Hughes
Andrew MacDonald
Boulder County Attorney Office
PO Box 471
Boulder, CO 80306

Tynia Johnson and Patricia Saint Cyr
PO Box 366
Lafayette, CO 80026

14