RESOLUTION 2002-51

A RESOLUTION CONDITIONALLY APPROVING BOULDER COUNTY LAND USE DOCKET
#SU-01-12 ("HALLMAN HOUSE KENNEL SU/SSDP"): A REQUEST FOR A SPECIAL
USE REVIEW WITH ASSOCIATED SITE SPECIFIC DEVELOPMENT PLAN FOR A
KENNEL WITH MORE THAN 12 DOGS OR CATS, ON PROPERTY LOCATED AT 12416
FLAGG DRIVE, EAST OF LAFAYETTE AND SOUTH OF BASELINE ROAD, IN
SECTION 1, T1S, R69W

WHEREAS, Tynia Johnson and Patricia St. Cyr ("Applicants")
have requested approval for a special use permit, with associated
site specific development plan, to operate a kennel with more than
12 dogs and cats as commercial/business service use authorized
under Article 4-503(F) of the Boulder County Land Use Code ("the
Land Use Code"), as amended, utilizing the existing structures on
the approximately 10-acre property which is located as described in
the caption to this Resolution, above ("the Subject Property"), in
the Agricultural and Floodplain Overlay Zoning Districts in
unincorporated Boulder County; and

WHEREAS, the Applicants have applied to keep up to a maximum
of 60 animals (dogs and cats) on the Subject Property; and

WHEREAS, the Applicants propose to have the dog kennel in a
mobile home which has been moved on to the Subject Property, and
the cattery in a second mobile home which has been moved on to the
Subject Property, with the existing single-family residence on the
southeast corner of the Subject Property to be an accessory
dwelling for the kennel use and include the kennel office; and

WHEREAS, the Applicants have designated a second existing
residence on the Subject Property, which is located to the north of
the existing residence (proposed kennel accessory dwelling/office),
as an animal Exotics Building which will no longer be used as a
residence; and

WHEREAS, because the kennel use does not meet the 300-foot
setback from property lines which is required for this proposed use
under Article 4-503(F)(5)(b)(i) of the Land Use Code, the
Applicants propose extensive, six-foot fencing to meet the Land Use
Code's mandate for equivalent mitigation measures for noise
anticipated from the kennel use; and

WHEREAS, the above-described request was processed and
reviewed as Boulder County Land Use Docket #SU-01-12 ("the
Docket"), all as further described in the Boulder County Land Use
Department Planning Staff's Memoranda and written recommendations

1

BOCC 5012
Jnson/Saint Cyr v. BOCC, et al.
Case No. 04-M-245 (BNB)

to the Boulder County Board of County Commissioners ("the Board") dated May 7 and May 14, 2002 with their attachments (collectively, "the Staff Recommendation"); and

WHEREAS, on March 20, 2002, the Boulder County Planning Commission ("the Planning Commission") held a duly-noticed public hearing on the Docket, and, following this hearing, voted unanimously to recommend to the Board that it deny the proposal based upon the proposal's failure to comply with all of the special use criteria set forth in Article 4-600 of the Land Use Code; and

WHEREAS, on May 7, 2002, as continued to May 14, 2002, the Board held a duly-noticed public hearing on the Docket ("the Public Hearing"), at which time the Board considered the Staff Recommendation and the action of the Planning Commission, as well as the documents and testimony presented by the Applicants' attorney, the Applicant, and neighboring property owners and members of the public testifying both for and against the Docket; and

WHEREAS, based on the Public Hearing, the Board finds that the Docket can meet the criteria for special use approval set forth in Article 4 of the Land Use Code, provided it complies with the conditions specified in this Resolution, below, and therefore imposes those conditions as terms of its approval of the Docket, and, further, finds that the Docket meets the Land Use Code's requirements for a site-specific development plan, subject to the Applicants' submission and recordation of the County's standard development agreement in a form which incorporates the required conditions of approval and meets the approval of the County staff.

NOW, THEREFORE, BE IT RESOLVED that the Docket is hereby approved, subject to the following conditions:

1) The kennel shall be limited to a maximum number of animals on site (including the applicant's/owner's animals), as follows:

Holiday weekends (including Friday, Saturday, Sunday, and Monday) for Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, and Labor Day; and for a one-week period for the other major holidays that include Thanksgiving, Christmas and New Year's (together effectively two weeks), Independence Day, and School District Spring Break (typically the last two weeks in March) - 35 dogs, 15 cats, and 10 exotics (hamsters, mice, rabbits, birds, reptiles) (totaling 60 animals).

2

BOCC 5013
Johnson/Saint Cyr v. BOCC, et al.
Case No. 04-M-245 (BNB)

All other weekends (Friday-Sunday) - 15 dogs, 15 cats, 5 exotics (totaling 35 animals)

All other days - 10 dogs, 15 cats, and 5 exotics (totaling 30 animals).

2)  The kennel shall be limited to the grooming of only the animals that are boarded on site, in accordance with the maximum number of animals allowed on site as set forth in Condition #1, above.

3)  The Applicants shall install the proposed fencing, which must be approved by County staff, prior to commencing the approved kennel operation. The Applicants shall submit a final fencing plan, which must be reviewed and approved by County staff, prior to recording the Development Agreement. The fencing shall not be placed in the floodway, and shall be subject to all applicable floodplain regulations of the Boulder County Land Use Code. If the revised fencing plan does not meet the same noise mitigation effect of a 300-foot buffer, the approval of this Special Use is automatically rescinded. The fencing shall consist of materials that are uniform (i.e., all cedar of similar color), and shall be installed to a standard that will withstand usual weather conditions in the area and contain the dogs.

4)  The Applicants shall apply for and complete the process for all required building permit(s) from Boulder County prior to commencing the approved kennel use. The Applicants shall be subject to all requirements of the Uniform Building Code, as adopted by Boulder County. The two existing mobile homes shall also meet all required setbacks of the Agricultural Zoning District. No new buildings or structures (other than the approved fencing) are approved as part of this Special Use.

5)  The Applicants shall submit a landscape plan that includes some trees and shrubs to improve the appearance of the fencing, to be reviewed and approved by County staff prior to recording the Development Agreement. The Applicant shall complete installation of all proposed new trees and landscaping within six months after the County Land Use Department authorizes the Applicants to commence the kennel use as authorized in this approval.

3

BOCC 5014
Johnson/Saint Cyr v. BOCC, et al.
Case No. 04-M-245 (BNB)

6) Prior to recording the Development Agreement, one copy of the proposed lighting plan with details for all exterior lighting must be submitted to and approved by the Land Use Department. Exterior lighting must be down lighting to minimize glare as much as possible. Details submitted must indicate location of all exterior fixtures on site and on structures, and must include cut sheets (manufacturer's specifications with picture or diagram) of all fixtures. Prior to the commencement of any kennel operation, the full installation of the approved lighting plan must be inspected and approved by the Land Use Department.

7) The Applicants shall provide a letter from the U.S. Fish & Wildlife Service (Ecological Services, Colorado Field Office) regulating Preble's Meadow Jumping Mice regarding the proposed kennel use on the subject property, prior to recording the Development Agreement, and the Applicants shall be subject to the recommendations of the U.S. Fish & Wildlife Service.

8) The subject property shall be limited to one single-family dwelling as an accessory use to the approved kennel, to be occupied by the owner, operator, or manager of the kennel.

9) The Applicants shall be subject to all applicable Boulder County Health Department rules and regulations, including but not limited to the commitment to use paper feeding bowls and disposable bedding. No public or employee access shall be allowed to any structure on the subject property without adequate sanitation facilities or compliance with applicable County Building Code requirements, except as may be authorized by the County Health Department or County Building Division.

10) The Applicants shall provide a Development Agreement, to be reviewed and approved by County staff prior to recordation. The approved kennel use shall not be commenced until the approved development agreement is executed and recorded, and until the Land Use Department authorizes commencement of operations after determining that all conditions prerequisite to commencing the use as required herein have been met.

4

BOCC 5015
Johnson/Saint Cyr v. BOCC, et al.
Case No. 04-M-245 (BNB)

11) The Applicants shall be subject to the terms, conditions and commitments of record and in the file for the Docket, including but not limited to allowing the dogs outside during the day and keeping the dogs inside the kennel building in inclement weather and at night. The dogs will be supervised by at least one person, and any dog barking excessively will be fitted with a bark collar. If the barking continues, the dog(s) will be brought indoors.

12) There shall be a review hearing with the Board of County Commissioners one year after the Development Agreement is recorded for this Special Use to determine compliance with the conditions, safeguards, and commitments of record. Subsequent review hearings may be set based on the first review hearing. Any violation of the conditions, safeguards, or commitments of record at any time shall be sufficient grounds for revocation of the Special Use, as noted in Section 4-602(B) of the County Land Use Code.

13) The statutory vested right approved for the requested development/ special use shall begin to run on the date of adoption of this Resolution, as stated below, and shall be in effect for three years after the stated adoption date. The approved statutory vested right shall expire immediately at the end of this three-year period, unless expressly extended according to the applicable provisions of the County Land Use Code.

A motion to approve the Docket, as stated above, was made by Commissioner Danish, seconded by Commissioner Stewart, and passed by a 3-0 vote.

5

BOCC 5016
Johnson/Saint Cyr v. BOCC, et al.
Case No. 04-M-245 (BNB)

ADOPTED this _21st_ day of ___MAY___, 2002, nunc pro tunc the 14th day of May, 2002.

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BOULDER:



_____
Jana L. Mendez, Chair

_____
Paul D. Danish, Vice Chair

_____
Ronald K. Stewart, Commissioner

ATTEST:

_____
Clerk to the Board

BOCC 5017
Johnson/Saint Cyr v. BOCC, et al.
Case No. 04-M-245 (BNB)

6