EFILED Document
CO Boulder County District Court 20th JD
Filing Date: Nov 3 2004 1:29PM MST
Filing ID: 4538159
Review Clerk: Audrey Slorf

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 Sixth Street, Boulder, CO 80306-4249 | |
| DONALD AMENT, COMMISSIONER OF THE DEPARTMENT OF AGRICULTURE OF THE STATE OF COLORADO,<br><br>Plaintiff,<br><br>v.<br><br>TYNIA JOHNSON, DOING BUSINESS AS HALLMAN HOUSE,<br><br>Defendant. | ▲ COURT USE ONLY ▲ |
| KEN SALAZAR, Attorney General<br>PAUL L. VORNDRAN*<br>First Assistant Attorney General<br>Registration Number: 22098<br>303-866-4108<br>TYSON H. POWELL*<br>Assistant Attorney General<br>Registration Number: 34789<br>1525 Sherman Street, 5th Floor<br>Denver, CO 80203<br>*Counsel of Record | Case No.:<br><br>Div.:          Ctrm.: |
| COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF | |

Plaintiff Donald Ament, Commissioner of the Colorado Department of Agriculture (the "Commissioner"), by and through counsel, the Colorado Attorney General, hereby submits this Complaint for Injunctive and Other Relief against Defendant and states:

## JURISDICTION AND VENUE

1. The Commissioner is authorized pursuant to § 35-80-109, C.R.S. (2004) to administer all provisions of the Colorado Pet Animal Care and Facilities Act §§ 35-80-101 to 117, C.R.S. (2004)) ("Act"). Pursuant to § 35-80-111, C.R.S. (2004), the Commissioner may seek temporary and permanent injunctive relief for violations of the Act. Venue is properly in this Court pursuant to § 35-80-111(3). Venue is proper pursuant to C.R.C.P. 98 because the Defendant resides in Boulder County.

## DEFENDANT

3.    Defendant Johnson is a Colorado resident who lives at 12549 Flagg Drive, Lafayette, Colorado, 80026.

## GENERAL ALLEGATIONS

4.    From 1998 through the present, Defendant Johnson has operated premises used in whole or in part for at least the purpose of boarding pet animals.

5.    From at least July 2004 to the present, Defendant Johnson has operated a pet animal facility at 12549 Flagg Drive in Lafayette, Colorado.

6.    Prior to operating the pet animal facility at 12549 Flagg Drive, Defendant Johnson operated a pet animal facility across the street at 12416 Flagg Drive, Lafayette, Colorado.

7.    From 1998 through February 29, 2004, Defendant Johnson possessed a license issued by the Commissioner to operate a pet animal facility.  On February 29, 2004, Defendant Johnson's license expired when she failed to renew it with the Commissioner.

8.    From 2000 through and including November 13, 2003, the Commissioner has issued at least four separate Cease and Desist Orders against Defendant Johnson for violations of the Act and the rules promulgated thereunder.

9.    The latest of these cease and desist orders was entered on November 13, 2003 and arose from a long series of administrative enforcement actions related to the care of dogs at Defendant Johnson's pet animal facility.  These enforcement actions concerned many incidents in which animals were severely injured and one in which an animal was fatally mauled at Defendant Johnson's facility.

10.    Defendant Johnson, from July 2004 through the present, has offered services as a pet animal facility in Colorado by advertising those services in the Qwest Dex telephone directory.

11.    In July 2004, Defendant Johnson offered the services of her pet animal facility for the purpose of boarding pet animals in Boulder County, Colorado.

## FIRST CLAIM FOR RELIEF
(Performing any act of a pet animal facility without a valid license)

12.    Paragraphs 1 through 11 are incorporated herein by reference.

13.    By engaging in the conduct described above, Defendant Johnson has
performed acts of a pet animal facility by using the premises located at 12549 Flagg Drive,
Lafayette, Colorado, in whole or in part, for the keeping of pet animals for the purpose of
adoption, breeding, boarding, grooming, handling, selling, sheltering, trading, or otherwise
transferring such animals.

14.    By engaging in the conduct described above, Defendant Johnson operated a
pet animal facility and was required to possess a license issued by the Commissioner
pursuant to    § 35-80-104, C.R.S. (2004).

15.    During at least a portion of the time Defendant Johnson operated a pet animal
facility, Defendant Johnson did not possess a valid license issued by the Commissioner in
violation of § 35-80-108(1)(a), C.R.S. (2004).

16.    The Commissioner is entitled to temporary and permanent injunctive relief
pursuant to § 35-80-111(3), C.R.S. (2004).

## SECOND CLAIM FOR RELIEF
(Soliciting, advertising or offering to perform any
act of a pet animal facility without a valid license)

17.    Paragraphs 1 through 16 are incorporated herein by reference.

18.    By engaging in the conduct described above, Defendant Johnson has solicited,
advertised and/or offered to perform the acts of a pet animal facility.

19.    By engaging in the conduct described above, Defendant Johnson operated a
pet animal facility and was required to possess a license issued by the Commissioner
pursuant to    § 35-80-104, C.R.S. (2004).

20.    During at least a portion of the time Defendant Johnson solicited, advertised
and/or offered to perform the acts of a pet animal facility while Defendant Johnson did not
possess a valid license issued by the Commissioner in violation of § 35-80-108(1)(b), C.R.S.
(2004).

3

21.    The Commissioner is entitled to temporary and permanent injunctive relief pursuant to § 35-80-111(3), C.R.S. (2004).

## THIRD CLAIM FOR RELIEF
(Refusing to comply with a cease and desist order)

22.    Paragraphs 1 through 21 are incorporated herein by reference.

23.    From 2000 through the present, the Commissioner has issued at least four separate Cease and Desist Orders to Defendant Johnson.

24.    By engaging in the conduct described above, Defendant Johnson has refused to comply with the Commissioner's Cease and Desist Orders by at least continuing to operate a pet animal facility without a license in violation of § 35-80-108(1)(c), C.R.S. (2004).

25.    The Commissioner is entitled to temporary and permanent injunctive relief pursuant to § 35-80-111(3), C.R.S. (2004).

## V.    PRAYER FOR RELIEF

WHEREFORE, the Commissioner respectfully requests the Court to issue an order temporarily and permanently enjoining Defendant Johnson from operating a pet animal facility within Colorado without a license issued by the Commissioner, temporarily and permanently enjoining Defendant from holding herself out as being licensed to operate such a facility, temporarily and permanently enjoining Defendant from violating the Act and the rules promulgated thereunder, awarding to the Commissioner costs and attorneys fees of this action, and ordering any such other relief the court deems just and proper.

Respectfully submitted this 2nd day of November, 2004.

KEN SALAZAR
Attorney General

PAUL L. VORNDRAN, 22098*
First Assistant Attorney General
TYSON H. POWELL, 34789*
Assistant Attorney General
Financial Unit
Business & Licensing Section
1525 Sherman Street, 5th Floor
Denver, CO 80203
Attorneys for the Commissioner of the Colorado
   Department of Agriculture
*Counsel of Record