IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   04-cv-00245-RPM

TYNIA JOHNSON and
PATRICIA SAINT CYR,

           Plaintiffs,

v.

BOULDER COUNTY, by and through its
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOULDER,
COLORADO,
PAUL DANISH,
RONALD K. STEWART,
TOM MAYER,
JANA MENDEZ, and
DAVID WEBSTER,

           Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

      In this civil action, the plaintiffs Tynia Johnson and her mother, Patricia Saint

Cyr, African American women, claim that they were deprived of their real property in

Boulder County, Colorado, and the opportunity to operate a kennel and dog grooming

business at that location because of a conspiracy among Boulder County officials to

deny them equal protection of the law because of their race in violation of 42 U.S.C. §

1985(3).  This action was first filed in the District Court, Boulder County, Colorado, by

counsel different from the plaintiffs' present attorney, seeking a declaratory judgment; a

claim for damages under 42 U.S.C. § 1983 for violation of the Constitutional protections

of due process and equal protection; a claim for a regulatory taking in violation of the

Fifth Amendment to the United States Constitution and a comparable provision in the
Colorado Constitution; and for the torts of malicious prosecution and abuse of process.
The complaint named the Board of County Commissioners of Boulder County
("County") together with Paul Danish, Ronald K. Stewart and Tom Mayer, as county
commissioners.  The complaint did not clearly identify these claims as being made
against the individual defendants for their personal liability and the prayer for relief was
limited to the County.

The action was removed to this court by a Notice of Removal, filed by the County
February 9, 2004, alleging service on January 21, 2004, and alleging jurisdiction for the
federal claims and supplemental jurisdiction for state law claims.  The County filed its
answer with multiple affirmative defenses and a counterclaim for the collection of
unpaid application and processing fees for a special use review application, together
with a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Plaintiffs' counsel filed a motion to withdraw for health reasons which the
plaintiffs did not oppose and John W. McKendree and an associte entered their
appearance on December 21, 2004.  They moved to file a tendered amended complaint
on March 25, 2005, which the Court granted by order of May 4, 2005.  In the amended
complaint, the plaintiffs asserted essentially the same claims under 42 U.S.C. § 1983, a
conspiracy claim under 42 U.S.C. § 1985(3) as the second claim for relief and a claim
under 42 U.S.C. § 1986.  Named as defendants in addition to the County were Paul
Danish, Ronald K. Stewart, Tom Mayer and Jana Mendez, County Commissioners, and
David Webster, the County's Water Resources Engineer.  The second claim for relief

2

was addressed to Defendant Webster, accusing him of conspiracy with "other agents of Defendant County."

The County filed a motion to dismiss all claims and at a hearing held on November 2, 2005, the Court granted the motion to dismiss all claims other than the claim under 42 U.S.C. § 1985(3).  Discovery proceeded pursuant to a scheduling order that had been entered before the hearing on the motion to dismiss.

On December 9, 2005, Paul Danish, Ronald K. Stewart, Tom Mayer, Jana Mendez and David Webster moved to dismiss any claims against them as individuals for the failure of the plaintiffs to make personal service on them within the time required by Fed.R.Civ.P. 4(m).  The plaintiffs replied that service had been waived by the defendants making a general appearance and the moving defendants countered that they had not been clearly identified as defendants other than in their official capacities before the plaintiffs' counsel said they were being sued individually at the hearing on the motion to dismiss on November 2, 2005.  The argument that the defendants made a general appearance is unavailing because the original complaint and amended complaint did not clearly identify the claims made against them as individuals. Accordingly, the motion to dismiss under Rule 4(m) is granted.

The County moved for summary judgment of dismissal of the claim under 42 U.S.C. § 1985(3) on March 13, 2006, and that motion has been fully briefed.  The plaintiffs' response includes an affidavit of Thomas E. Cave, a professional land surveyor, who is also named as the plaintiffs' expert witness for trial.  The County moved to strike that designation, based on asserted lack of qualifications and

challenging some of his opinions as being unsupportable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

In considering all of the material submitted on the motion for summary judgment, including the Cave affidavit, the Court has determined that the plaintiffs have failed to show sufficient evidentiary support for a claimed violation of the conspiracy statute by the County or any of the named defendants even construing the pleadings as asserting claims against them for individual liability.

Tynia Johnson had operated a dog grooming business at 6303 Arapahoe Road in Boulder, licensed by the Colorado Department of Agriculture.  When that business became the subject of the Sheriff's attention as a resulting of barking dog complaints made by neighbors, Ms. Johnson was notified that her facility was classified as a kennel under Boulder County's zoning regulations and that was a permitted use only in an agricultural zone.  Accordingly, Ms. Johnson determined to move her facility to the location of 12416 Flagg Drive in an unincorporated area of Boulder County, zoned agricultural, which she and her mother, Ms. Saint Cyr, purchased with the proceeds of a loan from Firststate Bank of Colorado on October 27, 1999.  The loan, secured by the real estate, was an interest only loan requiring monthly payments of $2,233.80 and a balloon payment of $252,902.52, due November 1, 2004.  The interest rate was 10.092%, making the total obligation $384,696.72.

At the time of purchase, the Flagg Drive property was a residence, requiring improvements for use as a kennel.  When she bought the property, Ms. Johnson was aware that portions of the property were in the 100-year flood plain and that the County

4

had set-back requirements for a kennel.  Boulder County enacted new kennel

regulations in October, 2000, permitting noise mitigation measures as a substitute for

the 300-foot set-back requirement, subject to approval through an application for a

Special Use Permit.  Ms. Johnson operated her business at the Flagg address and did

not contest zoning enforcement actions with the understanding that she could then

proceed with the Special Use Application.  She made that application in July, 2001.

The granting of a Special Use Permit is within the discretion of the Board of County

Commissioners, after consideration of such factors as compatibility with the

surrounding area; whether it would result in an over-intensive use of the land, whether

it will cause significant air, odor, water, or noise pollution and whether it will be

adequately landscaped, buffered, and screened.  The land use regulations also give

the County Commissioners the authority to impose conditions and safeguards to insure

compliance with the special review criteria.

The land use regulations also restrict development in a "flood plain overlay

district" and prohibit encroachments in a "flood way" defined as those portions of the

flood plain in which development may cause a rise in the base flood elevation of more

than one foot increase.  The determination of the existence of a flood way is the

responsibility of the Boulder County engineer.  The flood plain is established by the

Federal Emergency Management Agency (FEMA) under legislation authorizing the

National Flood Insurance Program and is geographically established in a Flood

Insurance Rate Map (FIRM).  Boulder County has flood plain management regulations

as a part of its Land Use Code.  To meet the noise mitigation alternative to the 300-foot

5

set back, Ms. Johnson proposed to construct a fence as a buffer for noise control.  Mr.

Webster determined that the portion of the property on which the fence would be

constructed was a flood way and, accordingly, recommended against approval of the

Special Use Application.

The application was the subject of a public hearing on May 14, 2002, at which

Ms. Johnson appeared and was represented by her then attorney, Mr. Byrne.  The staff

of the County submitted a report which outlined the applicant's options concerning the

flood way to include hiring an engineer to re-analyze the flood way designation or to

apply to FEMA for a Letter of Map Amendment (LOMA).  Because the flood way was

not designated on the FEMA map, a LOMA would actually be seeking a clarification

that there was no flood way involved.  There were many public supporters for Ms.

Johnson's application who spoke on her behalf and there was a suggestion that the

applicant's race might be affecting the County's treatment of her.  The Board approved

the application to operate the kennel but imposed conditions including that the fencing

not be placed in the flood way designated by Mr. Webster.  Ms. Johnson submitted a

LOMA application to FEMA on September 5, 2002, and FEMA sent her a letter asking

for additional information on September 18, 2002.  Ms. Johnson did not supply the

information and did not follow up on her LOMA application.

On April 26, 2002, the State of Colorado issued a citation for operating a kennel

without a current State license.  Additional citations were issued in September, 2003,

culminating in a cease and desist order and finally an injunction prohibiting Ms.

Johnson from operating a kennel anywhere in Colorado.  Ms. Johnson says that she

did not follow through on the LOMA application because she was told by someone at FEMA that Boulder County could override an amendment.  She also says that she knew that the County would not approve her Special Use Application and therefore did not vigorously defend the State's injunction case and at that time foreclosure proceedings had begun.  The plaintiffs lost the property through foreclosure, being unable to pay the loan because there was no income stream from the kennel.

To prove their claim under 42 U.S.C. § 1985(3) the plaintiffs must show (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, the equal protection of the laws; (3) an act done in furtherance of the conspiracy and (4) injury caused by the conspiratorial conduct.  The plaintiffs must also show that the conspirators were motivated by a class-based animus.  *Griffin v. Breckenridge,* 403 U.S. 88 (1971), *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263 (1993).

The plaintiffs contend that the County Commissioners, Mr. Webster and other County employees acted in concert to prevent them from operating a kennel on Flagg Drive because they are African Americans.  Although not argued by the County, it is recognized law that a governmental entity, like a corporation, cannot conspire with itself and that the agents and employees of the entity acting within the scope of their duties on behalf of that entity are not conspirators.  *Hilliard v. Ferguson,* 30 F.3d 649 (5th Cir. 1994), *Hull v. Cuyahoga Valley Bd of Educ.*, 926 F.2d 505 (6th Cir.), *cert. denied,* 501 U.S. 1261 (1991).  Here, the single entity is Boulder County and all of the actors claimed to be within the conspiracy are agents and employees of the County, including,

of course, the County Commissioners.  Therefore, the first element of the claim is lacking.

Assuming the existence of a conspiracy and assuming the individually named defendants could be liable as co-conspirators, the plaintiffs have failed to show sufficient evidence to support a fair inference that the defendants were motivated by racial animus.  While there is evidence that Mr. Webster acted arbitrarily in making the determination that the proposed noise barrier fence would be within a flood way as designated by him, there is no evidence to suggest that he acted on a racially discriminatory motive.  Although the plaintiffs suggest that other landowners within the flood plain area have structures which are encroachments, they have failed to show that these situations were sufficiently similar and known to the defendants to support a claim that there was discriminatory treatment by the County.

The plaintiffs' claim for damages is based on speculation and surmise.  The necessary assumption is that but for the refusal of the County to permit the operation of a kennel on Flagg Drive the plaintiffs would have had an income stream sufficient to make their loan payments and operate at a profit.  Because this claim is evaluated under Rule 56, the Court must reject the defendants' assertions regarding the application for the loan and accept the plaintiffs' position that they were qualified borrowers.  Nonetheless, there is no showing that would support a finding that the kennel and grooming business would produce enough revenue to pay the debt service and permit re-financing of the balloon payment.

The plaintiffs also suggest that Ms. Johnson could have voided the State's

cease and desist order and the injunction preventing her from operating a kennel anywhere in Colorado.  The papers filed, however, show that the State action resulted from investigations and findings regarding the care of dogs, unrelated to the zoning issues with the County.

There are, of course, other types of damage remedies available under the law so this finding does not, in itself, support dismissal of the case.  It is included here only to caution the plaintiffs as to the weakness of their case.

The County's answer to the Amended Complaint did not include the counterclaim in the answer to the original complaint.  It is therefore deemed to be withdrawn.

Upon the foregoing, it is

ORDERED, that the motion for summary judgment is granted and judgment will enter dismissing all of the plaintiffs' claims against all defendants and awarding the County its statutory costs.

DATED: August 4th , 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge